436 A.2d 165

**COMMONWEALTH of Pennsylvania**

v.

**Allen BROWN, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 17, 1981.

Decided Oct. 29, 1981.

John H. Moore (Court-appointed), William Scarpitti, Erie, for appellant.

Michael J. Veshecco, Dist. Atty., Shad Connelly, Erie, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

## OPINION OF THE COURT

WILKINSON, Justice.

This is an appeal from an order of the Court of Common Pleas of Erie County entered after an evidentiary hearing denying post-conviction relief. The court rejected appellant's claims that his trial attorneys were constitutionally ineffective in various ways. With respect to one of these claims, that trial counsel was ineffective for failing to object to prejudicial comments made by the prosecutor in his closing argument, we agree with appellant that the lower court erroneously rejected this claim and so reverse.

On October 21, 1976 appellant was convicted by a jury of murder of the first degree. A sentence of life imprisonment was imposed upon appellant following the conviction and the denial of post-trial motions. Soon after sentencing, the trial attorneys were granted leave to withdraw from the case and new counsel was appointed to perfect appellant's appeal. As directed by the trial court, appellant by his new counsel filed a Statement of Matters Complained Of On Appeal raising various claims of ineffectiveness by trial counsel and various trial errors. The common pleas court filed an opinion supporting its denial of the post-trial motions. That appeal resulted in a remand for an evidentiary hearing. *Commonwealth v. Brown*, 478 Pa. 628, 387 A.2d 665 (1978). After an evidentiary hearing held on August 16 and September 6, 1978, the trial court held, on January 7, 1980, that appellant's claims of his trial attorneys' ineffectiveness had no merit. This appeal followed.[1]

■ Appellant argues that his trial attorneys were ineffective both in failing to object to and in failing to have recorded certain prejudicial and inflammatory remarks made by the assistant district attorney in his summation. The lack of an objection to alleged prejudicial remarks made during a summation which is not recorded renders the issue

_____

1. Appellant raises six other alleged instances of ineffectiveness by the trial attorneys. In view of our disposition of the principal issue, we do not reach these issues.

waived and not properly preserved for appellate review on the merits. *E. g. Commonwealth v. Sanabria,* 478 Pa. 22, 385 A.2d 1292 (1978); *Commonwealth v. Baranyai,* 278 Pa. Super. 83, 419 A.2d 1368 (1980).

In order to sustain his burden of proving ineffective assistance of counsel, appellant was able to present alternate evidence at the evidentiary hearing of what the unobjected to prejudicial remarks were. Appellant produced a newspaper reporter from the *Erie Morning News* who was present during the prosecutor's summation and who subsequently wrote and had published an article in which he attributed several specific remarks to the prosecutor. At the evidentiary hearing the reporter, after testifying that he had no specific recollection of each thing that was said during the summations, reviewed his article to refresh his memory and stated that the remarks he quoted in the article "were made by [the assistant district attorney]. There is no question in my mind at all." In explaining his efforts in regard to the article he also stated:

> Well, on covering a trial I'm not the stenographer, so I have to take all my notes in longhand and maybe in my own form, in shorthand, and whenever we use a quote I'm also under the impression there is a stenographer on hand and I try to be particularly careful when any sentences contributing [sic] to anybody are placed under direct quote so somebody can't say you misquoted me and here's a Court record. I have never been in that kind of a situation and I try to be particularly careful in quotations that have been actually said.

In spite of this evidence, the judge who conducted the evidentiary hearing, who had also presided over the trial in this case, gave more weight to his memory of the trial and the fact that the defense attorneys had not objected during the summation than to the specific facts presented to him at the hearing. The judge stated:

> I listened to the closing speech of the Assistant District Attorney and recall no prejudicial, inflammatory or improper remarks and, if any had been made, I believe one

of the two Defense Attorneys would have objected. Surely we cannot postulate improper remarks from a newspaper article which is not a verbatim account of the proceedings.

(Slip op. at p. 2).

This finding by the trial court that these remarks were not made is not supported by the record. The judge's recollection of the closing argument is not dispositive of appellant's factual claim because "the judge's recollection is untested and off the record . . . we have no way to discover the accuracy of the judge's memory of past events." *Commonwealth v. Johnson*, 231 Pa.Super. 30, 34, 331 A.2d 750, 752 (1974); *see also Commonwealth v. Zaffina*, 432 Pa. 435, 248 A.2d 5 (1968). The judge's statement that the two defense attorneys would have objected if improper remarks were made begs the question because their lack of objection is precisely the error claimed here. At the evidentiary hearing there was no evidence directly contradicting the reporter's testimony as to the quotations. The assistant district attorney did not deny making these remarks. Both defense attorneys testified they did not remember the prosecutor's exact words. In this case, then, the appellant has presented an "equivalent picture" of the part of the unrecorded summation which is in question here. Appellant has met his "obligation of setting forth in context and with sufficient illumination the statements he deemed offensive and prejudicial so an appellate court could make an intelligent judgment as to the nature and possible effect of the comments." *Commonwealth v. Banks*, 454 Pa. 401, 410, 311 A.2d 576, 580 (1973).

■ One of the statements attributed to the prosecutor is as follows: "There'll be no more days for Michael Bibbs [victim] and there should be no more days for Allen Brown. I'll tell you what, that guy is a killer. That guy is a murderer and he doesn't belong out where he can get his hands on another gun." As long ago as *Commonwealth v. Capalla*, 322 Pa. 200, 204, 185 A. 203, 205 (1936), this Court stated:

It is no part of a district attorney's duty, and it is not his right, to stigmatize a defendant. He has a right to *argue* that *the evidence* proves the defendant guilty as charged in the indictment, but for the *district attorney himself to characterize* the defendant as 'a cold-blooded killer' is something quite different. No man on trial for murder can be officially characterized as a murderer or as 'a cold-blooded killer,' until he is adjudged guilty of murder or pleads guilty to that charge. (Emphasis in original.)

The defense attorneys' decision not to object to these prejudicial and inflammatory remarks whether because they wanted to avoid interrupting the prosecutor and annoying the jury or because they wanted to avoid calling attention to the remarks did not have a reasonable basis designed to advance their client's interests. *See Commonwealth v. Black,* 480 Pa. 394, 390 A.2d 750 (1978); *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967).

The judgment of sentence is reversed and the case is remanded for a new trial.

NIX, J., dissents.