481 A.2d 1190
**COMMONWEALTH of Pennsylvania**
v.
**Aaron WHITE, Appellant.**
Superior Court of Pennsylvania.
Submitted Oct. 7, 1983.
Filed Aug. 10, 1984.
Reargument Denied Oct. 15, 1984.

2

James S. Bruno, Norristown, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, MONTGOMERY and CERCONE, JJ.

CERCONE, Judge:

Appellant, Aaron White, takes this appeal from the lower court's denial, following a hearing, of appellant's Post Conviction Hearing Act (PCHA)[1] petition. Appellant makes but on argument: Whether trial counsel was ineffective for failing to object to certain remarks made by the prosecutor during his summation. We find appellant's argument to have merit and we reverse.

Following a robbery and shooting on April 14, 1973, in Philadelphia, appellant was arrested and subsequently con-

1. 42 Pa.C.S.A. § 9541 *et seq.* (1982).

victed on February 5, 1974 on charges of first degree murder, two counts of aggravated robbery, assault and battery, aggravated assault and battery and assault with intent to kill. Post-verdict motions were filed, argued and denied, and on June 20, 1974, appellant was sentenced to life imprisonment for the first degree murder conviction, plus two consecutive terms of ten to twenty years for the aggravated robbery convictions, and two concurrent terms of three and one half to seven years for the remaining convictions. Appellant filed a direct appeal to the Supreme Court of Pennsylvania, and that Court affirmed the conviction. *Commonwealth v. White*, 466 Pa. 300, 353 A.2d 36 (1976). Thereafter, on May 23, 1980, appellant filed the herewithin PCHA petition, alleging ineffective assistance of trial counsel. Following a hearing, the court denied relief by opinion and order, dated December 22, 1981. This appeal followed.

Appellant now argues that trial counsel was ineffective for failing to object to certain prejudicial remarks allegedly made by the prosecutor during his closing address to the jury. Specifically, appellant cites these portions of the prosecutor's closing address:

(a) "... so just as Michael Chambers one of my best witnesses wasn't there to testify today, because he's in his grave." (N.T. Trial 457)

(b) "And he did it, ladies and gentlemen, for a lousy sixty dollars or seventy dollars and a watch. And he left Mrs. Chambers and her four children fatherless." (N.T. 469)

(c) "And I say to you, ladies and gentlemen, the only way that you can fail to bring back a verdict of murder in the first degree is if Michael Chambers comes walking through those doors. Shall we wait?" (N.T. 469)

Appellant asserts that the above remarks were unduly prejudicial and inflamatory, and that trial counsel did not have a reasonable basis designed to effectuate his client's interests when he failed to object to these arguments. We agree. The Supreme Court has repeatedly condemned lan-

guage such the above. *Commonwealth v. Brown,* 496 Pa. 86, 436 A.2d 165 (1981); *Commonwealth v. Evans,* 479 Pa. 100, 387 A.2d 854 (1978); *Commonwealth v. Mikesell,* 475 Pa. 589, 381 A.2d 430 (1977); *Commonwealth v. Cronin,* 464 Pa. 138, 346 A.2d 59 (1975); *Commonwealth v. Lipscomb,* 455 Pa. 525, 317 A.2d 205 (1974); *Commonwealth v. Capalla,* 322 Pa. 200, 185 A. 203 (1936). We therefore find appellant's argument to be meritorious.

The Commonwealth, however, contends that appellant has waived his opportunity to raise the above issue owing to appellant's unexplained delay of four years between the time that his direct appeal was finally litigated and the filing of his PCHA petition. In support of its argument, the Commonwealth cites the cases of *Commonwealth v. Shaffer,* 498 Pa. 342, 354, 446 A.2d 591, 597 (1982) (Roberts, J. concurring, joined by O'Brien, C.J. and Nix, J.); *Commonwealth v. Alexander,* 495 Pa. 26, 432 A.2d 182 (1981); *Commonwealth v. Kale,* 312 Pa.Superior Ct. 69, 458 A.2d 239 (1983).

However, we find these cases to be distinguishable from appellant's for the reason that all three pertain to petitions to withdraw a guilty plea long after sentence has been handed down; the general rule in cases such as these is that a person must establish a showing of prejudice on the order of manifest injustice before withdrawal of the plea is properly allowed. *Commonwealth v. Starr,* 450 Pa. 485, 301 A.2d 592 (1973).[2]

The Commonwealth further argues that language such as that at issue in the instant case was not condemned by the Supreme Court until the decision of *Commonwealth*

2. Additionally, while *Commonwealth v. Alexander,* 495 Pa. 26, 36, 432 A.2d 182, 186 (1981) does contain some more general language on the matter of relevant considerations for a PCHA court, including the length of time between the occurrence of the asserted error and the filing of the PCHA petition, it should be noted that in *Alexander,* the court was faced with a delay of twenty-seven years.

Furthermore, while lapse of time may be a consideration in PCHA cases, in the instant case it does not overcome the unreparably harmful remarks of the prosecutor, which severely prejudiced appellant's right to a trial free of unbridled play on the emotions of a jury.

6

*v. Lipscomb, supra,* decided on March 25, 1974. The Commonwealth points to the fact that appellant was convicted on February 5, 1974, prior to the *Lipscomb* decision. The Commonwealth thus asserts that such language was permissible at the time of appellant's trial. The Commonwealth's argument must fail for two reasons. First, inflamatory closing were condemmed prior to appellant's trial in the case of *Commonwealth v. Capalla, supra,* decided in 1936. Second, in its opinion in *Commonwealth v. Evans, supra,* the Supreme Court specifically applied both *Cronin,* decided in 1975, and *Lipscomb,* decided in 1974, to a trial held in July, 1973. We therefore must dismiss this argument of the Commonwealth.

Accordingly, for the reasons set forth above, we reverse the conviction and remand for a new trial.

Conviction reversed and case is remanded for a new trial.

