J-S08034-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PATRICK MARSICO | |
| Appellant | No. 2296 EDA 2014 |

Appeal from the PCRA Order July 18, 2014
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0000978-2003
CP-45-CR-0001522-2006
CP-45-CR-0001523-2006

BEFORE:  DONOHUE, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.                     **FILED JANUARY 23, 2015**

Appellant Patrick Marsico appeals *pro se* from the order entered in Monroe County Court of Common Pleas, which dismissed his petition seeking relief pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The PCRA court opinion sets forth the relevant facts and procedural history of this appeal as follows:

> On August 8, 2003, Appellant sexually assaulted 'AY,' a 12-year old female.  On September 15, 2003, [criminal information no. 978-2003] was filed against Appellant containing the following charges:  (1) rape by forcible compulsion under 18 [Pa.C.S.] 3121; (2) aggravated

---

[1] 42 Pa.C.S. §§ 9541-9546.

indecent assault without consent under 18 [Pa.C.S.] § 3125; (3) aggravated indecent assault of a person less than 13 years of age under 18 [Pa.C.S.] § 3125; (4) statutory rape under 18 [Pa.C.S.] § 3122; (5) indecent assault without consent under 18 [Pa.C.S.] § 3126; (6) indecent assault of a person less than 13 years of age under 18 [Pa.C.S.] § 3126; and (7) corruption of minors under 18 [Pa.C.S.] § 6301.

On October 16, 2003, Appellant filed, and this court accepted, a guilty plea where Appellant pled guilty to: (1) statutory sexual assault under 18 [Pa.C.S.] § 3122.1 and; (2) indecent assault under 18 [Pa.C.S.] § 3126(a)(7). On January 29, 2004, Appellant was sentenced to a term of incarceration of one year, less a day, to a maximum of two years, less a day. [Appellant] was ultimately paroled and completed his sentence.

On August 27, 2006, Appellant sexually assaulted TL, a 16 year-old female, leading to case no. 1522 CR 2006. A subsequent investigation revealed that Appellant had also sexually assaulted CMB, a 15 year-old female, and SCM, a 14 year-old female, during the summer of 2006, leading to case no. 1523 CR 2006.

On March 6, 2007, Appellant pled guilty to one count of corruption of minors under 18 [Pa.C.S.] § 6301 for 1522 CR 2006, and two counts of unlawful contact with a minor under 18 [Pa.C.S.] § 6318 for 1523 CR 2006.

On June 20, 2007, [Appellant] was sentenced to two-to-five years['] incarceration for corruption of minors. Appellant was also sentenced to two more sentences of three-to-ten years['] incarceration, one for each respective count of unlawful contact with a minor. The sentences for each count were to run consecutively, giving Appellant a total sentence of eight-to-twenty-five years['] incarceration. Appellant was also ordered to register pursuant to Megan's Law.

Appellant's sentence was aggravated in part because of his prior conviction for indecent assault under 18 [Pa.C.S.] § 3126(a)(7).

PCRA Court Opinion, filed September 25, 2014, pp. 2-4 (citations to the record and some capitalization omitted).

On direct appeal, this Court affirmed the trial court's judgment of sentence on March 10, 2008. Appellant did not petition for allowance of appeal with our Supreme Court. On December 16, 2013, Appellant filed his first PCRA petition. On February 11, 2014, the court dismissed the PCRA petition and granted counsel's petition to withdraw. Appellant did not appeal or amend his petition.

Appellant filed the present *pro se* PCRA petition, his second, on June 30, 2014. Pursuant to Pa.R.Crim.P. 907, the PCRA court filed a notice of intent to dismiss the petition without a hearing on July 3, 2014. On July 17, 2014, Appellant filed a response to the court's Rule 907 notice, and the court dismissed Appellant's PCRA petition the next day.

On July 31, 2014, Appellant filed a timely notice of appeal. On August 4, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and he timely complied.

Appellant raises the following issues for our review:

> [WHETHER] CRIMINAL INFORMATION NO. 978-2003 AS FILED CONTAINED A [FICTITIOUS], [NONEXISTENT] AND DEFECTIVE CRIMINAL OFFENSE[?]
>
> [WHETHER] COUNSEL WAS INEFFECTIVE FOR FAILING TO DO A PRE-TRIAL INVESTIGATION [AND FOR GIVING] APPELLANT DEFECTIVE AND MISLEADING ADVICE TO TAKE A GUILTY PLEA[?]

[WHETHER] APPELLANT HAD BEEN WRONGFULLY INCARCERATED ON A REPEALED CRIMINAL OFFENSE, THUS SUBJECTED TO PUNISHMENT REGARDING CONDUCT THAT CONSTITUTED THAT REPEALED OFFENSE[?]

[WHETHER] THE REPEALED STATUTE HAD AN ADVERSE AND PREJUDICIAL EFFECT ON A SUBSEQUENT INFORMATION IN THAT AGGRAVATED SENTENCING[?]

[WHETHER] APPELLANT [RECEIVED] AN AGGRAVATED SENTENCE REGARDING 1522, 1523-2006 BASED ON A PRIOR FELONY CONVICTION [WHEN] SAID FELONY STATUTE WAS REPEALED[?]

[WHETHER] COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT AT SENTENCING, AND FAILING TO REVIEW APPELLANT'S ERRONEOUS PRIOR FELONY CONVICTION[?]

Appellant's Brief, pp. 2-3.

Our well-settled standard of review for orders denying PCRA relief is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Barndt**, 74 A.3d 185, 191-192 (Pa.Super.2013) (internal quotations and citations omitted).

Initially, to be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that he is "currently serving a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S. § 9543(a)(1)(i). A petitioner who has completed his sentence is no longer eligible for post-conviction relief. **Commonwealth v. Soto**, 983 A.2d 212, 213 (Pa.Super.2009); **see also Commonwealth v. Turner**, 80 A.3d

754, 765 (Pa.2013) ("due process does not require the legislature to continue to provide collateral review when the offender is no longer serving a sentence"). This is so even if the petitioner filed his PCRA petition during the pendency of his sentence. *See Commonwealth v. Williams*, 977 A.2d 1174, 1176 (Pa.Super.2009) ("As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition").

Here, on January 29, 2004, the trial court sentenced Appellant to 1-2 years' incarceration for criminal information number 978-2003. Appellant completed his sentence and is no longer "serving a sentence of imprisonment, probation or parole for the crime." *See* 42 Pa.C.S. § 9543(a)(1)(i). Thus, Appellant is not eligible for relief under the PCRA for this criminal information.[2]

Before we address the merits of Appellant's other claims, we must determine whether his PRCA petition was timely. The timeliness of a PCRA petition implicates the jurisdiction of both this Court and the PCRA court. *Commonwealth v. Williams*, 35 A.3d 44, 52 (Pa.Super.2011), *appeal denied*, 50 A.3d 121 (Pa.2012). "Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition." *Id.* To "accord

---

[2] Further, Appellant's claims on this information are without merit. Appellant's guilty plea clearly states Appellant pleaded guilty to "statutory sexual assault § 3122.1" and "indecent assault § 3126(a)(7)." Guilty Plea, filed October 16, 2003. These are not "fictitious" offenses.

finality to the collateral review process[,]" the PCRA "confers no authority upon [appellate courts] to fashion *ad hoc* equitable exceptions to the PCRA timebar[.]" ***Commonwealth v. Watts***, 23 A.3d 980, 983 (Pa.2011). With respect to jurisdiction under the PCRA, this Court has further explained:

> The most recent amendments to the PCRA...provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. A judgment is deemed final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa.Super.2010) (citations and quotations omitted), *appeal denied*, 20 A.3d 1210 (Pa.2011). This Court may review a PCRA petition filed more than one year after the judgment of sentence becomes final only if the claim falls within one of the following three statutory exceptions, which the petitioner must plead and prove:

> (i) the failure to raise the claim was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Further, if a petition pleads one of these exceptions, the petition will not be considered unless it is "filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Additionally, a heightened standard applies to a second or subsequent PCRA petition to avoid "serial requests for post-conviction relief." *Commonwealth v. Jette*, 23 A.3d 1032, 1043 (Pa.2011). A second or subsequent PCRA petition "will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred." *Commonwealth v. Hawkins*, 953 A.2d 1248, 1251 (Pa.2006). In a second or subsequent post-conviction proceeding, "all issues are waived except those which implicate a defendant's innocence or which raise the possibility that the proceedings resulting in conviction were so unfair that a miscarriage of justice which no civilized society can tolerate occurred." *Commonwealth v. Williams*, 660 A.2d 614, 618 (Pa.Super.1995).

Appellant's judgment of sentence became final on April 10, 2008, when Appellant's time for seeking review with our Supreme Court had expired. *See Monaco, supra.* Appellant filed the instant *pro se* PCRA petition over six years later, on June 30, 2014. Thus, his PCRA petition is facially untimely, and we must determine whether Appellant has pled and

proved any of the exceptions to the PCRA time limitation. *See* 42 Pa.C.S. § 9545(b)(1).

Appellant does not claim, plead or prove any of the exceptions to the PCRA time limitation in his PCRA petition or his appellate brief. Further, Appellant makes no effort to explain why he did not bring his claims in a timely manner. The PCRA court reasoned:

> [Appellant's] filing of this second PCRA petition falls ourtside the jurisdictional time limit stated in 42 [Pa.C.S.] § 9545. Moreover, [Appellant's] petition does not plead any exception to the requirements of the PCRA. Thus, we do not have jurisdiction to hear [Appellant's] petition.

PCRA Court Notice of Disposition without Hearing, filed July 3, 2014, p. 1, incorporated by reference into Rule 1925(a) Opinion.

Appellant's petition is time-barred, and the PCRA court properly denied it. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/23/2015</u>