J-S08045-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONALD BOOKER | |
| Appellant | No. 2818 EDA 2014 |

Appeal from the PCRA Order September 11, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0017214-1999

BEFORE:  DONOHUE, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                     **FILED FEBRUARY 03, 2015**

Appellant Ronald Booker appeals *pro se* from the order entered in the Montgomery County Court of Common Pleas which dismissed his petition seeking relief pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The trial court sets forth most of the relevant facts and procedural history of this appeal as follows:

> On May 23, 2000, a jury convicted Appellant of robbery, theft, criminal conspiracy, recklessly endangering another person, terroristic threats, false imprisonment, possessing a concealed weapon and firearms not to be carried without a license[2] for the July 23, 1999, armed robbery of Buddy

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 3701(a)(1), 3921(a), 903(a)(1), 2705, 2706, 2903, 907(b), and 6106(a), respectively.

Bear Jewelry store in Merion, Montgomery County. On October 23, 2000[,] Appellant was sentenced to an aggregate term of 15½ to 49 years' imprisonment. Appellant filed a direct appeal, and on June 15, 2001, the Pennsylvania Superior Court affirmed his judgment of sentence. Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On November 14, 2002, Appellant filed his first *pro se* PCRA petition, albeit untimely. Counsel was appointed, and finding that the petition was untimely and substantively meritless, he filed a no-merit letter. This [c]ourt provided pre-dismissal notice pursuant to Pa.R.A.P. 907, and ultimately issued a final order of dismissal, dismissing Appellant's untimely PCRA petition. Appellant appealed, and his appeal was denied by the Pennsylvania Superior Court on December 4, 2003. On May 18, 2004, Appellant's petition for allowance of appeal was denied by the Pennsylvania Supreme Court.

Appellant filed a second untimely PCRA petition, which was also dismissed on March 10, 2010. Appellant did not appeal.

On August 19, 2014, Appellant filed his third PCRA petition, at issue in this appeal.

PCRA Court Opinion, filed October 27, 2014, p. 2.

On August 22, 2014, the PCRA court issued a Rule 907 notice of intent to dismiss the petition without a hearing. On September 11, 2014, the court dismissed the petition.[3] Appellant timely filed a notice of appeal on September 26, 2014. On October 1, 2014, the court ordered Appellant to

_____

[3] Because Appellant objected to the Rule 907 notice on September 17, 2014, after the court had already dismissed the petition, the court again denied relief and dismissed the petition on September 22, 2014.

file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b), and he timely complied on October 20, 2014.

Appellant raises the following issues for review:

WHETHER [APPELLANT] WAS ENTITLED TO [PCRA] RELIEF AS A RESULT OF PENNSYLVANIA SENTENCE SCHEME UNDER 42 PA.C.S. § 9714 AND [BECAUSE] **MCMILLIAN V. PENNSYLVANIA** IS CONTRARY TO **ALLEYNE**[?]

WHETHER [APPELLANT] WAS ENTITLED TO [PCRA] RELIEF [BECAUSE] THE LEGALITY OF SENTENCE QUESTION [IS] NOT WAIVABLE AND MAY BE RAISED SUA SPONTE BY THE COURT [AT] ANY TIME[?]

Appellant's Brief, p. 4.

Before we address the merits of Appellant's claims, we must determine whether his PRCA petition was timely. The timeliness of a PCRA petition implicates the jurisdiction of both this Court and the PCRA court. **Commonwealth v. Williams**, 35 A.3d 44, 52 (Pa.Super.2011), *appeal denied*, 50 A.3d 121 (Pa.2012). "Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition." **Id.** To "accord finality to the collateral review process[,]" the PCRA "confers no authority upon [appellate courts] to fashion *ad hoc* equitable exceptions to the PCRA timebar[.]" **Commonwealth v. Watts**, 23 A.3d 980, 983 (Pa.2011). With respect to jurisdiction under the PCRA, this Court has further explained:

The most recent amendments to the PCRA...provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. A judgment is deemed final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the

- 3 -

> Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

*Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super.2010) (citations and quotations omitted), *appeal denied*, 20 A.3d 1210 (Pa.2011); *see also* 42 Pa.C.S. § 9545. This Court may review a PCRA petition filed more than one year after the judgment of sentence becomes final only if the claim falls within one of the following three statutory exceptions, which the petitioner must plead and prove:

> (i) the failure to raise the claim was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Further, if a petition pleads one of these exceptions, the petition will not be considered unless it is "filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Additionally, a heightened standard applies to a second or subsequent PCRA petition to avoid "serial requests for post-conviction relief." *Commonwealth v. Jette*, 23 A.3d 1032, 1043 (Pa.2011). A second or

- 4 -

subsequent PCRA petition "will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred." **Commonwealth v. Hawkins**, 953 A.2d 1248, 1251 (Pa.2006). Further, in a second or subsequent post-conviction proceeding, "all issues are waived except those which implicate a defendant's innocence or which raise the possibility that the proceedings resulting in conviction were so unfair that a miscarriage of justice which no civilized society can tolerate occurred." **Commonwealth v. Williams**, 660 A.2d 614, 618 (Pa.Super.1995).

Here, Appellant's judgment of sentence became final on July 16, 2001, when Appellant's time for seeking review with our Supreme Court expired.[4] **See Monaco, supra.** Therefore, he had until July 16, 2002 to timely file a PCRA petition. Appellant filed the instant *pro se* PCRA petition over twelve years later, on August 19, 2014. Thus, his PCRA petition is facially untimely, and we must determine whether Appellant has pled and proved any of the exceptions to the PCRA time limitation. **See** 42 Pa.C.S. § 9545(b)(1).

Appellant's petition does not claim, plead, or prove any of the exceptions to the PCRA time limitation. Further, Appellant makes no effort

---

[4] This period would have expired on July 15, 2001. However, as July 15, 2001 fell on a Sunday, Appellant had until July 16, 2001 to file a petition for allowance of appeal to our Supreme Court.

to explain why he did not bring his claims in a timely manner. The PCRA

court reasoned:

> Appellant does not acknowledge [his petition's] untimeliness, and even if this [c]ourt could read his pleadings as an attempt to invoke one of the statutory exceptions to the time-bar by relying on **Alleyne**,[5] namely 'the right asserted was recognized by the United States Supreme Court or the Pennsylvania Supreme Court as a constitutional right after the petitioner's case was decided and the right has been upheld to apply retroactively,' 42 [Pa.C.S.] §9545(b)(1)(iii), **Alleyne** is not applicable in this case, as Appellant was not sentenced under a mandatory minimum statute.

PCRA Court Opinion, pp. 5-6.

Appellant's petition is time-barred, and the PCRA court properly denied

it. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/3/2015

_____

[5] **Alleyne v. United States**, 133 S.Ct. 2151, 186 L.Ed. 2d 314 (2013).