J-S01021-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRAZIER CISCO GRACE | |
| Appellant | No. 719 WDA 2014 |

Appeal from the PCRA Order April 11, 2014
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0015667-2005

BEFORE:  GANTMAN, P.J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY JENKINS, J.:                **FILED DECEMBER 24, 2014**

Appellant, Frazier Cisco Grace, appeals *pro se* from the order entered in the Allegheny County Court of Common Pleas, which dismissed his petition filed for relief pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

The trial court sets forth the relevant facts and procedural history of this appeal as follows:

> On February 14, 2007, following a trial by jury at which [Appellant] acted *pro se*, [Appellant] was convicted of one count each of rape, involuntary deviate sexual intercourse, sexual assault, kidnapping, unlawful restraint, and simple assault.[2]  On May 14, 2007, [Appellant] was sentenced

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 3121(a)(1), (a)(2); 3123(a)(1), (a)(2); 3124.1; 2901(a); 2902; 2701(a)(1), respectively.

to 120 to 240 months['] incarceration for rape, with a consecutive sentence of 114 to 228 months['] incarceration for involuntary deviate sexual intercourse; no additional sentence was imposed on the remaining counts.

On October 1, 2009, after [Appellant] filed a first petition under the [PCRA], this [c]ourt issued an [o]rder appointing Alan R. Patterson, Esquire, as counsel for [Appellant]. On February 11, 2010, counsel filed an amended petition, seeking alternatively to have [Appellant's] right to direct [appeal] reinstated *nunc pro tunc*. By [o]rder of [c]ourt, [Appellant's] appellate rights were reinstated on June 16, 2010. A notice of appeal from the May 14, 2007 judgment of sentence was filed on July 9, 2010.

On direct appeal, [Appellant] claimed, *inter alia*, that the evidence was insufficient to allow a finding beyond a reasonable doubt that the rape had occurred. On June 10, 2011, the Superior Court affirmed [Appellant's] sentence; the Court specifically found [Appellant's] sufficiency claim regarding his rape conviction to be waived due to the lack of legal authority presented, and the concession that a conviction could properly be based solely on circumstantial evidence. The Supreme Court of Pennsylvania denied Allocatur on May 6, 2012.

On June 8, 2012, [Appellant] filed a second *pro se* PCRA petition. This [c]ourt appointed Charles Pass, Esquire, to represent [Appellant]. On July 23, 2012, Attorney Pass filed with this [c]ourt a no merit letter and motion to withdraw as counsel under [**Commonwealth v. Turner**, 544 A.2d 927 (Pa.1988)] and [**Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super.1988)]. On July 30, 2012, this [c]ourt granted counsel's motion, and simultaneously provided [Appellant] notice of its intent to dismiss his petition without a hearing, pursuant to Pa.R.Crim.P. 907. This [c]ourt dismissed the petition as patently frivolous and without support on the record on August 16, 2012. [Appellant] filed a notice of appeal therefrom on September 9, 2012.

In compliance with an [o]rder of this [c]ourt, [Appellant] filed a Pa.R.A.P. 1925(b) statement of matters complained of on appeal. Therein, [Appellant] did not raise any claims

of ineffective assistance of counsel pertaining to the representation provided to him by Mr. Patterson during either the first PCRA proceedings or during the subsequent appellate process. The Superior Court affirmed the dismissal of the PCRA petition by memorandum opinion, on October 18, 2013.

[Appellant] filed the instant *pro se* PCRA petition on January 8, 2014. On January 14, 2014, this [c]ourt issued a notice of intent to dismiss the petition without a hearing. This [c]ourt ultimately dismissed the petition as frivolous on April 11, 2014. A notice of appeal followed, on April 30, 2014.[1]

> [1] [Appellant] filed two appeals, the first of which, docketed at No. 509 WDA 2014, was improperly filed from this [c]ourt's [n]otice of [i]ntent to [d]ismiss. Thus, by [o]rder dated May 21, 2014, the Superior Court dismissed the appeal as premature. The instant appeal, at No. 719 WDA 2014, was allowed to proceed.

Trial Court Opinion, filed September 8, 2014, at 1-3. On May 7, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b), and Appellant complied on May 28, 2014.

Appellant raises the following issues on appeal:

WHETHER THE PCRA COURT COMMITTED ERROR WHEN [IT] DENIED APPELLANT'S PCRA [PETITION] WITHOUT [A] HEARING, BECAUSE MR. PATTERSON WAS INEFFECTIVE WHEN HE FAILED TO ARGUE APPELLANT'S SUFFICIENCY OF THE EVIDENCE CLAIM PROPERLY ON APPELLANT'S FIRST DIRECT APPEAL AND DID NOT COMPLY WITH PA.R.A.P. 2119(A) AND HAD APPELLANT'S SEXUAL ASSAULT ISSUE WAIVED AND ABANDONED[?]

WHETHER ALAN R. PATTERSON WAS INEFFECTIVE FOR [FAILING] TO RAISE APPELLANT'S PROSECUTORIAL

> MISCONDUCT [CLAIM] IN HIS AMENDED PCRA AND BRIEF FOR APPELLANT'S DIRECT APPEAL[?]

Appellant's Brief at 4.

Our review of a PCRA court's decision "is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Koehler**, 36 A.3d 121, 131 (Pa.2012).

Before addressing the merits of Appellant's claims, we must first consider the timeliness of his PCRA petition because it implicates the jurisdiction of both this Court and the PCRA court. **Commonwealth v. Williams**, 35 A.3d 44, 52 (Pa.Super.2011) (citation omitted), *appeal denied*, 50 A.3d 121 (Pa.2012). "Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition." **Id.** Further, to "accord finality to the collateral review process[,]" the PCRA "confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA timebar[.]" **Commonwealth v. Watts**, 23 A.3d 980, 983 (Pa.2011).

With respect to jurisdiction under the PCRA, this Court has further explained:

> The most recent amendments to the PCRA...provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. A judgment is deemed final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

*Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super.2010) (citations and quotations omitted), *appeal denied*, 20 A.3d 1210 (Pa.2011). This Court may review a PCRA petition filed more than one year after the judgment of sentence becomes final only if the claim falls within one of the following three statutory exceptions, which the petitioner must plead and prove:

**§ 9545.  Jurisdiction and proceedings**

\*   \*   \*

**(b) Time for filing petition.–**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).  Further, even if a petition pleads one of these exceptions, the petition will not be considered unless it is "filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Finally, a heightened standard applies to a second or subsequent PCRA petition to avoid "serial requests for post-conviction relief." *Commonwealth v. Jette*, 23 A.3d 1032, 1043 (Pa.2011). A second or subsequent PCRA petition "will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred." *Commonwealth v. Hawkins*, 953 A.2d 1248, 1251 (Pa.2006). In a second or subsequent post-conviction proceeding, "all issues are waived except those which implicate a defendant's innocence or which raise the possibility that the proceedings resulting in conviction were so unfair that a miscarriage of justice which no civilized society can tolerate occurred." *Commonwealth v. Williams*, 660 A.2d 614, 618 (Pa.Super.1995).

Instantly, Appellant's judgment of sentence became final on August 6, 2012, when Appellant's time for seeking review with the Supreme Court of the United States had expired. *See Monaco, supra*. Appellant filed the instant *pro se* PCRA petition more than a year later, on January 8, 2014. Thus, his PCRA petition is facially untimely, and we must determine whether Appellant has pled and proved any of the exceptions to the PCRA time limitation. *See* 42 Pa.C.S. § 9545(b)(1).

Although Appellant checked the box on his PCRA form that indicated he might attempt to invoke the governmental interference exception to the PCRA time bar, he does not plead, prove, or even mention this exception

anywhere else in his PCRA petition or his appellate brief. Further, Appellant makes no effort to explain why he did not bring his claims in a timely manner. Therefore, Appellant's petition is time-barred, and the trial court properly denied it. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/24/2014