J-S08038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STACY GILBERT | |
| Appellant | No. 2361 EDA 2014 |

Appeal from the PCRA Order July 8, 2014
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0001524-2000

BEFORE:  DONOHUE, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED JANUARY 23, 2015**

Appellant Stacy Gilbert appeals *pro se* from the order entered in the Chester County Court of Common Pleas, which dismissed his petition filed for relief pursuant to the Post Conviction Relief Act ("PCRA")[1] and his motion for post-conviction DNA testing,[2] incorporated therein.  We affirm.

On the appeal of the denial of his first PCRA petition, the PCRA court accurately set forth the relevant facts and procedural history of this matter as follows:

> [Appellant] was charged by an [i]nformation filed April 20, 2000, with two counts of rape; one count of aggravated

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 42 Pa.C.S. § 9543.1.

indecent assault; and one count of indecent assault.[1][3] [Appellant] pled guilty to these four counts pursuant to a plea agreement. In addition, [Appellant] was found to have violated the terms of his probation and parole in a prior case.[2] [Appellant] was sentenced on October 2, 2000 to fifteen to thirty [(15-30)] years to be served in the state penitentiary.[4] [Appellant] did not file a direct appeal.

[1] These charges stem from incidents that occurred between August 1999 and April 2000. On two separate occasions[, Appellant] had sexual intercourse with a twelve year old victim, A.I. Additionally, [Appellant] inserted a vibrator into the vagina of victim A.I. and touched the breast of a fourteen year old victim, K.P.

[2] In the underlying case, [Appellant] was charged and convicted of indecent assault and corruption of minors. In that case, the victim was his niece. Over a period of four years, [Appellant] victimized preadolescents.

Trial Court 1925(a) Opinion on Appellant's first PCRA appeal, filed September 28, 2004, p. 1 (citations to the record omitted).

_____

[3] 18 Pa.C.S. §§ 3121(a)(2),(6), 3125(7), and 3126(a)(7), respectively.

[4] The trial court sentenced Appellant to 7-14 years' incarceration for his first rape charge and 7-14 years' incarceration for the second rape charge, to be served consecutively. The court also sentenced Appellant to 5-10 years' incarceration for aggravated indecent assault and 2½-5 years' incarceration for indecent assault, to be served concurrent to his sentence for the rape charges. Additionally, for violating parole and probation in his prior case, the court revoked Appellant's parole and sentenced him to the 12 month balance to run concurrently to an additional sentence of 1-2 years' incarceration for violating his probation. The court imposed these concurrent sentences consecutively to his rape sentence, for an aggregate sentence of 15-30 years' incarceration.

On March 28, 2003, Appellant filed his first PCRA petition. On July 31, 2003, the court dismissed Appellant's PCRA petition as untimely and granted PCRA counsel's petition to withdraw. Appellant appealed, and this Court affirmed the order dismissing Appellant's petition on March 1, 2005. ***Commonwealth v. Stacy***, No. 2591 EDA 2003, (Pa.Super.2005) (unpublished memorandum). Appellant filed a second PCRA petition on April 19, 2005, which the court dismissed on June 22, 2005. Appellant did not appeal the court's order.

On April 10, 2014, Appellant filed the present PCRA petition, his third, which incorporated a motion for DNA testing. On June 5, 2014, the trial court issued a notice of intent to dismiss the PCRA petition pursuant to Pa.R.Crim.P. 907. On July 8, 2014, the court dismissed the petition and Appellant's motion for DNA testing. On August 8, 2014, Appellant filed a notice of appeal.[5] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant did not file one.

---

[5] Appellant labeled his "notice of appeal" "Brief for Appellee." On August 11, 2014, the PCRA court ordered Appellant's "Brief for Appellee" be considered a notice of appeal of the court's July 8, 2014 order dismissing his PCRA petition and motion for DNA testing. In this order, the PCRA court also adopted its opinion from the notice of intent to dismiss the PCRA petition, filed on June 5, 2014, as its Rule 1925(a) opinion.

In his handwritten "Brief for Appellee" filed on January 12, 2015, Appellant lists 51 statements.[6]  Although Appellant fails to list individual questions for review as required by the rules of appellate procedure, because the PCRA court has already addressed Appellant's essential issue, we will summarize and address Appellant's issue as follows:  Whether the trial court erred in denying his PCRA petition and his motion for post-conviction DNA testing?

Appellant argues his motion for DNA testing was not a PCRA petition and the court should not have dismissed it as untimely.  He contends DNA evidence would prove he did not rape his victim, he is entitled to have DNA testing performed, and the court improperly denied him of his constitutional rights.  We disagree.

Our well-settled standard of review for orders denying PCRA relief is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record."  *Commonwealth v. Barndt*, 74 A.3d 185, 191-192 (Pa.Super.2013) (internal quotations and citations omitted).

---

[6] Appellant lists these 51 statements three times, once under his "Statement of Facks" section, once under his "Brief Statement of the order under Review" section, and once under his "Summary of Argument" section. *See* Appellant's Brief at 1-6, 1-6, and 1-6.

Primarily, we note that the timeliness of a PCRA petition implicates the jurisdiction of both this Court and the PCRA court. ***Commonwealth v. Williams***, 35 A.3d 44, 52 (Pa.Super.2011), *appeal denied*, 50 A.3d 121 (Pa.2012). "Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition." ***Id.*** To "accord finality to the collateral review process[,]" the PCRA "confers no authority upon [appellate courts] to fashion *ad hoc* equitable exceptions to the PCRA timebar[.]" ***Commonwealth v. Watts***, 23 A.3d 980, 983 (Pa.2011). With respect to jurisdiction under the PCRA, this Court has further explained:

> The most recent amendments to the PCRA...provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. A judgment is deemed final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa.Super.2010) (citations and quotations omitted), *appeal denied*, 20 A.3d 1210 (Pa.2011). This Court may review a PCRA petition filed more than one year after the judgment of sentence becomes final only if the claim falls within one of the following three statutory exceptions, which the petitioner must plead and prove:

> (i) the failure to raise the claim was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

- 5 -

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Further, if a petition pleads one of these exceptions, the petition will not be considered unless it is "filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Additionally, a heightened standard applies to a second or subsequent PCRA petition to avoid "serial requests for post-conviction relief." *Commonwealth v. Jette*, 23 A.3d 1032, 1043 (Pa.2011). A second or subsequent PCRA petition "will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred." *Commonwealth v. Hawkins*, 953 A.2d 1248, 1251 (Pa.2006). In a second or subsequent post-conviction proceeding, "all issues are waived except those which implicate a defendant's innocence or which raise the possibility that the proceedings resulting in conviction were so unfair that a miscarriage of justice which no civilized society can tolerate occurred." *Commonwealth v. Williams*, 660 A.2d 614, 618 (Pa.Super.1995).

Motions for post-conviction DNA testing, however, "are clearly separate and distinct from claims brought pursuant to other sections of the PCRA." *Commonwealth v. Williams*, 35 A.3d 44, 50 (Pa.Super.2011) (quoting *Commonwealth v. Perry*, 959 A.2d 932, 938 (Pa.Super.2008)). "This Court has consistently held the one-year jurisdictional time bar of the PCRA does not apply to motions for DNA testing under Section 9543.1." *Id.* (internal citations omitted).

The statute that governs post-conviction DNA testing provides, in relevant part:

### § 9543.1. Postconviction DNA testing

**(a)   Motion.-**

(1) An individual convicted of a criminal offense in a court of this Commonwealth and serving a term of imprisonment or awaiting execution because of a sentence of death may apply by making a written motion to the sentencing court for the performance of forensic DNA testing on specific evidence that is related to the investigation or prosecution that resulted in the judgment of conviction.

(2) The evidence may have been discovered either prior to or after the applicant's conviction.  The evidence shall be available for testing as of the date of the motion.  If the evidence was discovered prior to the applicant's conviction, the evidence shall not have been subject to the DNA testing requested because the technology for testing was not in existence at the time of the trial or the applicant's counsel did not seek testing at the time of the trial in a case where a verdict was rendered on or before January 1, 1995, or the applicant's counsel sought funds from the court to pay for the testing because his client was indigent and the court refused the request despite the client's indigency.

**(b) Notice to the Commonwealth.-**

(1) Upon receipt of a motion under subsection (a), the court shall notify the Commonwealth and shall afford the Commonwealth an opportunity to respond to the motion.

(2) Upon receipt of a motion under subsection (a) or notice of the motion, as applicable, the Commonwealth and the court shall take the steps reasonably necessary to ensure that any remaining biological material in the possession of the Commonwealth or the court is preserved pending the completion of the proceedings under this section.

**(c) Requirements.-In any motion under subsection (a), under penalty of perjury, the applicant shall:**

(1)(i) specify the evidence to be tested;

(ii) state that the applicant consents to provide samples of bodily fluid for use in the DNA testing; and

(iii) acknowledge that the applicant understands that, if the motion is granted, any data obtained from any DNA samples or test results may be entered into law enforcement databases, may be used in the investigation of other crimes and may be used as evidence against the applicant in other cases.

(2)(i) assert the applicant's actual innocence of the offense for which the applicant was convicted; and

\*　　\*　　\*

(3) present a prima facie case demonstrating that the:

(i) identity of or the participation in the crime by the perpetrator was at issue in the proceedings that resulted in the applicant's conviction and sentencing; and

(ii) DNA testing of the specific evidence, assuming exculpatory results, would establish:

(A) the applicant's actual innocence of the offense for which the applicant was convicted;

\* \* \*

**(d) Order.-**

(1) Except as provided in paragraph (2), the court shall order the testing requested in a motion under subsection (a) under reasonable conditions designed to preserve the integrity of the evidence and the testing process upon a determination, after review of the record of the applicant's trial, that the:

(i) requirements of subsection (c) have been met;

(ii) evidence to be tested has been subject to a chain of custody sufficient to establish that it has not been altered in any material respect; and

(iii) motion is made in a timely manner and for the purpose of demonstrating the applicant's actual innocence and not to delay the execution of sentence or administration of justice.

(2) The court shall not order the testing requested in a motion under subsection (a) if, after review of the record of the applicant's trial, the court determines that there is no reasonable possibility that the testing would produce exculpatory evidence that:

(i) would establish the applicant's actual innocence of the offense for which the applicant was convicted;

\* \* \*

**(f) Posttesting procedures.-**

(1) After the DNA testing conducted under this section has been completed, the applicant may, pursuant to section 9545(b)(2) (relating to jurisdiction and proceedings),

during the 60-day period beginning on the date on which the applicant is notified of the test results, petition to the court for postconviction relief pursuant to section 9543(a)(2)(vi) (relating to eligibility for relief).

42 Pa.C.S. § 9543.1(a), (b), (c), (d), (f).

We review an order denying a motion for post-conviction DNA testing

as follows:

> [T]he trial court's application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law. When reviewing an order denying a motion for post-conviction DNA testing, this Court determines whether the movant satisfied the statutory requirements listed in Section 9543.1. We can affirm the court's decision if there is any basis to support it, even if we rely on different grounds to affirm.

*Williams*, 35 A.3d at 47 (internal citations omitted).

Regarding the post-conviction DNA statute, we observe:

> The statute sets forth several threshold requirements to obtain DNA testing: (1) the evidence specified must be available for testing on the date of the motion; (2) if the evidence was discovered prior to the applicant's conviction, it was not already DNA tested because (a) technology for testing did not exist at the time of the applicant's trial; (b) the applicant's counsel did not request testing in a case that went to verdict before January 1, 1995; or (c) counsel sought funds from the court to pay for the testing because his client was indigent, and the court refused the request despite the client's indigency. Additionally, … [u]nder section 9543.1(c)(3), the petitioner is required to present a prima facie case that the requested DNA testing, assuming it gives exculpatory results, would establish the petitioner's actual innocence of the crime. Under section 9543.1(d)(2), the court is directed not to order the testing if it determines, after review of the trial record, that there is no reasonable possibility that the testing would produce exculpatory evidence to establish petitioner's actual innocence. From the clear words and plain meaning of

these provisions, there can be no mistake that the burden lies with the petitioner to make a prima facie case that favorable results from the requested DNA testing would establish his innocence. We note that the statute does not require petitioner to show that the DNA testing results would be favorable. However, the court is required to review not only the motion for DNA testing, but also the trial record, and then make a determination as to whether there is a reasonable possibility that DNA testing would produce exculpatory evidence that would establish petitioner's actual innocence. We find no ambiguity in the standard established by the legislature with the words of this statute.

*Williams*, 35 A.3d at 49-50.

In dismissing Appellant's PCRA petition and motion for post-conviction DNA testing, the PCRA court reasoned as follows:

Here, [Appellant's] guilty plea and sentencing took place on October 2, 2000.… [Appellant] had until November 1, 2000 to appeal his conviction and sentencing. However, [Appellant] failed to file a direct appeal in this case. Because [Appellant] failed to file a direct appeal within the requisite 30 days, the judgment of sentence became final on November 1, 2000, creating a deadline for petitioning for post-conviction relief of November 1, 2001. However, [Appellant] filed the instant PCRA [p]etition on April 22, 2014, which is well beyond the one-year statutory deadline. Moreover, [Appellant] fails to plead facts evidencing that he meets one of the statutory exceptions that would excuse the late filing. Because [Appellant's] petition is untimely, this court lacks jurisdiction over the matter.

\* \* \*

[Appellant's] contention that he is entitled to post[-]conviction DNA testing is not cognizable. First, DNA testing existed at the time he entered into his guilty plea on October 2, 2000. Because [Appellant's] guilty plea occurred after January 1, 1995, and the court did not refuse a request for DNA testing, [Appellant] fails to

- 11 -

establish any of the requirements to excuse his failure to previously request DNA testing.

Secondly, [Appellant] fails to present a prima facie case demonstrating that his identity or participation in the crime was at issue, and that DNA testing would establish his actual innocence of the offenses for which he was convicted. [Appellant] admitted his guilt by entering guilty pleas to the charged offenses. Specifically, the trial court found the plea to be voluntarily, intelligently, and knowingly entered. [Appellant] testified, during his plea colloquy, that he was able to read, write, and understand the English language and that he was not under any condition that would prevent him from understanding the nature and ramifications of his plea. The [c]ourt asked [Appellant] "have you taken any alcohol, any drugs or any controlled substances within the last 24 hours? Are you suffering from any condition that would prevent you from understanding what it is that I'm (Judge Mahon) saying or what's happening here today?" The [c]ourt also asked [Appellant] whether he had been "forced,["] "threatened," or "made any promises" to induce him into plead[ing] guilty. [Appellant] responded, "No" to all of these questions asked by the [c]ourt.

\* \* \*

Because [Appellant] previously admitted that he was guilty of the charged offenses, post-conviction DNA testing would only serve to delay the execution of the sentence and the administration of justice. This is especially true where, as here, a cogent examination of the record reveals that [Appellant] is not a likely candidate to be exonerated by DNA testing. Furthermore, [b]ecause [Appellant's] PCRA petition is both untimely and fails to meet any of the enumerated exceptions to this one-year timeliness requirement; this [c]ourt is divested of jurisdiction over this matter. Accordingly, [Appellant's] petition is to be dismissed.

PCRA Court's Notice of Intent to Dismiss PCRA Petition Pursuant to

Pa.R.Crim.P. 907(1), filed June 5, 2014, pp. 4, 6 n.2.

We agree with the PCRA court that Appellant failed to satisfy the time limitation for his PCRA petition and failed to meet the statutory requirements listed in Section 9543.1 for his post-conviction DNA testing motion. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/23/2015