J-S09045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICHARD RAYMOND ALLEN | |
| Appellant | No. 1288 MDA 2015 |

Appeal from the PCRA Order July 1, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001234-1975

BEFORE:  PANELLA, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED FEBRUARY 02, 2016**

Richard Raymond Allen ("Appellant") appeals from the order entered in the Lancaster County Court of Common Pleas, which dismissed his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

On July 23, 1975, following an oral guilty plea colloquy, Appellant pled guilty to murder, generally.  N.T., 7/23/1975, at 16.  In exchange for the plea, the Commonwealth agreed not to seek the death penalty.  *Id.* at 15. On July 25, 1975, the trial court found Appellant guilty of murder in the first degree[2] and sentenced him to life in prison.  After hearing several post-

_____

[1] 42 Pa.C.S. § 9541-9546.

[2] 18 Pa.C.S. § 2502(a).

sentence motions, the trial court re-sentenced Appellant to life in prison on February 4, 1977. Appellant appealed, and this Court affirmed Appellant's judgment of sentence on December 7, 1979. Our Supreme Court denied Appellant's petition for allowance of appeal on March 28, 1980. Appellant did not file a petition for allowance of appeal with the Supreme Court of the United States.

Appellant filed petitions for collateral relief on December 26, 1980, August 8, 1981, and October 8, 1997.[3] The courts did not grant Appellant relief. On December 22, 2014, Appellant filed a "Petition for Writ of Habeas Corpus Seeking Post Conviction Relief," which is the subject of this appeal. The PCRA court treated Appellant's petition as a PCRA petition[4] and issued a notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss the petition without a hearing. On July 1, 2015, the PCRA court dismissed Appellant's petition. On July 23, 2015, Appellant timely filed a notice of appeal.

Appellant raises the following issues for our review:

> DID THE [TRIAL] COURT ABUSE ITS DISCRETION BY DENYING []APPELLANT'S [PCRA] PETITION BECAUSE THE COURT DETERMINED THAT THE REQUEST FOR RELIEF WAS UNTIMELY IN NATURE ?

---

[3] Appellant's first two petitions were filed pursuant to the Post Conviction Hearing Act.

[4] "[A]ny motion filed after the finality of a sentence that raises an issue that can be addressed under the PCRA is to be treated as a PCRA petition." *Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa.Super.2013).

DOES THE RECORD SUPPORT [] APPELLANT'S CLAIM THAT HE DID AGREE TO ENTER A GUILTY PLEA TO MURDER, NOT TO EXCEED MURDER IN THE 3RD DEGREE AND THAT THE RECORD SHOWS THIS TO BE CORRECT ?

DOES THE RECORD SHOW THAT [] APPELLANT WAS INCORRECTLY SENTENCED TO MURDER IN THE 1ST DEGREE INSTEAD OF MURDER IN THE 3RD DEGREE ?

Appellant's Brief at 1.

Before we address the merits of Appellant's claims, we must determine whether his PRCA petition was timely. The timeliness of a PCRA petition implicates the jurisdiction of both this Court and the PCRA court. **Commonwealth v. Williams**, 35 A.3d 44, 52 (Pa.Super.2011), *appeal denied*, 50 A.3d 121 (Pa.2012). "Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition." **Id.** To "accord finality to the collateral review process[,]" the PCRA "confers no authority upon [appellate courts] to fashion *ad hoc* equitable exceptions to the PCRA timebar[.]" **Commonwealth v. Watts**, 23 A.3d 980, 983 (Pa.2011). With respect to jurisdiction under the PCRA, this Court has further explained:

The most recent amendments to the PCRA...provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. A judgment is deemed final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

**Commonwealth v. Monaco**, 996 A.2d 1076, 1079 (Pa.Super.2010) (citations and quotations omitted), *appeal denied*, 20 A.3d 1210 (Pa.2011);

*see also* 42 Pa.C.S. § 9545. This Court may review a PCRA petition filed more than one year after the judgment of sentence becomes final only if the claim falls within one of the following three statutory exceptions, which the petitioner must plead and prove:

> (i) the failure to raise the claim was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Further, if a petition pleads one of these exceptions, the petition will not be considered unless it is "filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Additionally, a heightened standard applies to a second or subsequent PCRA petition to avoid "serial requests for post-conviction relief." ***Commonwealth v. Jette***, 23 A.3d 1032, 1043 (Pa.2011). A second or subsequent PCRA petition "will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred." ***Commonwealth v. Hawkins***, 953 A.2d 1248, 1251

(Pa.2006). Further, in a second or subsequent post-conviction proceeding, "all issues are waived except those which implicate a defendant's innocence or which raise the possibility that the proceedings resulting in conviction were so unfair that a miscarriage of justice which no civilized society can tolerate occurred." ***Commonwealth v. Williams***, 660 A.2d 614, 618 (Pa.Super.1995).

Here, Appellant's judgment of sentence became final in 1980, when Appellant's time for seeking review with the Supreme Court of the United States expired. ***See Monaco, supra.*** Appellant filed the instant *pro se* PCRA petition over thirty-four years later, on December 22, 2014. Thus, his PCRA petition is facially untimely, and we must determine whether Appellant has pled and proved any of the exceptions to the PCRA time limitation. ***See*** 42 Pa.C.S. § 9545(b)(1).

Appellant's petition does not claim, plead, or prove any of the exceptions to the PCRA time limitation. Thus, Appellant's petition is time-barred, and the PCRA court properly denied it. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/2/2016

- 5 -