J-S01026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GEORGE A. ROBERTS, JR. | |
| Appellant | No. 895 WDA 2014 |

Appeal from the PCRA Order May 14, 2014
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0001505-2007

BEFORE: GANTMAN, P.J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY JENKINS, J.: **FILED JANUARY 27, 2015**

George Roberts, Jr. ("Appellant"), appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

This Court previously recited the facts of the underlying crime as follows:

> On April 30, 2007, while smoking crack cocaine in a hotel room, [Appellant], Donald Law ('Law'), Kimberly Hamm ('Hamm'), and Winter Feathers ('Feathers'), agreed to call the victim, Edgar Fazenbaker ('Fazenbaker'), in an attempt to get more cocaine. Initially, it was agreed that Hamm and Feathers would induce Fazenbaker into meeting them along Route 40 in Fayette County, Pennsylvania. Then, the four of them decided that after Hamm and Feathers were picked up by Fazenbaker, Hamm would perform oral sex on Fazenbaker for crack cocaine.
>
> After calling Fazenbaker, Hamm and Feathers learned that he had a passenger, Kent Pierce, in his vehicle. In order to accomplish their goal of exchanging cocaine for sex, it was decided that Hamm would pretend that she had to go to the

bathroom and then, once outside of the vehicle with Fazenbaker, she would initiate sex.

Fazenbaker testified that after he received a call on his cell phone from Feathers requesting a ride, he and his passenger, Kent Pierce, met Hamm and Feathers outside of Brownsville, Pennsylvania, near Route 40. While Fazenbaker knew Feathers, he did not know Hamm. Shortly after entering Fazenbaker's car and putting the agreed upon plan into action, Feathers and Hamm claimed they had to 'take a pee' and asked Fazenbaker to pull off the road so that they could go to the bathroom in the nearby trees. When Fazenbaker stopped his vehicle, Feathers and Hamm exited the car.

Within five seconds of Feathers and Hamm exiting the vehicle, Fazenbaker noticed the headlights of a vehicle approaching from behind, stopping ten feet behind his car. Expecting to see a State Police Officer, Fazenbaker looked to his left and, instead, saw [Appellant] with a gun, the barrel of which was pointed at Fazenbaker's window. When [Appellant] discharged the weapon, the 'first shot went through Fazenbaker's nose and blowed [*sic*] his nose off his face.' In all, [Appellant] discharged his gun at least five times into Fazenbaker's car, shattering both the driver's side window and the passenger's side window.

After being shot in the face, Fazenbaker tried to escape from [Appellant] by fleeing the scene in his vehicle. However, [Appellant] re-entered his automobile and chased Fazenbaker. As he fled, Fazenbaker called for emergency assistance and later met ambulance personnel at a local gas station. The ambulance personnel took Fazenbaker's nose 'and put it back on his face and asked him to hold it there.'

Subsequently, Fazenbaker was flown to Ruby Memorial Hospital, in Morgantown, West Virginia, where he underwent surgery to re-attach his nose.

Confirming Fazenbaker's testimony, Hamm testified that [Appellant] stood near Fazenbaker's driver's side window with a big black rifle and fired five or six times in the direction of the vehicle. Hamm stated that after Fazenbaker's window shattered, [Appellant] 'kept shooting.' After the shooting, [Appellant] told Hamm that 'he should have shot Fazenbaker in the face and killed him.'

> Law also corroborated Fazenbaker and Hamm's testimony. Because of his size, Law was 'supposed to be an intimidator' and he and [Appellant] were going to 'take whatever Fazenbaker had.' Although Law denied witnessing [Appellant] fire the rifle, he did admit that [Appellant] was the only person at the scene to possess a gun. After the shooting, [Appellant] told Law, 'I think I hit Fazenbaker.'

*Commonwealth v. Roberts*, 1348 WDA 2008 (unpublished memorandum, June 18, 2009), pp. 1-3 (quoting Trial Court Opinion, September 24, 2008, pp. 2-4) (text corrections omitted).

A jury convicted Appellant of attempted homicide,[1] aggravated assault,[2] and conspiracy[3] to commit both robbery and theft by unlawful taking. On August 1, 2008, the trial court sentenced Appellant to an aggregate term of 10 to 20 years' incarceration. This Court affirmed the judgment of sentence on June 18, 2009, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on December 9, 2009.

Appellant filed a timely PCRA petition on December 1, 2010. The PCRA court denied the petition on June 29, 2011, and this Court affirmed on August 21, 2012. *See Commonwealth v. Roberts*, 1223 WDA 2011 (unpublished memorandum, August 21, 2012).

---

[1] 18 Pa.C.S. § 901.

[2] 18 Pa.C.S. § 2702.

[3] 18 Pa.C.S. § 903.

On March 6, 2014, Appellant filed the instant PCRA petition, his second. On April 22, 2014, the PCRA court filed an Order in accordance with Pa.R.Crim.P. 907 notifying Appellant of the court's intent to dismiss the petition without a hearing. On May 14, 2014, the PCRA court dismissed Appellant's second petition. Appellant timely appealed and complied with Pa.R.A.P. 1925. The PCRA court filed its Statement In Lieu of Opinion on July 8, 2014, adopting its April 22, 2014 Order as its Pa.R.A.P. 1925(a) opinion.

On appeal, Appellant presents the following issues for our review:

1.) Was Appellant's second PCRA filed timely?

2.) Did Vincet M. Tiberi, Esq. and trial court deny Appellant his right to appeal to supreme court of Pa., not informing him?

3.) Was Appellant's counsel Vincent M. Tiberi, Esq. ineffective for not notifying Appellant of outcome of Appeal of PCRA, June 29, 2011, failing to raise and preserve all constitutional claims of PCRA counsel Brent Peck, Esq., and trial counsel's ineffectiveness Brady violations, violations of Appellant's 4th, 5th, 6th, and 14th United States Constition Amendments.

4.) Has the Commonwealth denied Appellant a meaningful review for his appeals, not furnishing with all the records and transcripts?

Appellant's Brief, p. 4 (verbatim). In essence, Appellant claims he is entitled to reinstatement of his right to file a petition for allowance of appeal to the Pennsylvania Supreme Court because PCRA counsel did not inform him of this Court's August 21, 2012 decision affirming the denial of his first PCRA petition. *See id.* at 5-7.

- 4 -

In reviewing an order denying PCRA relief, our well-settled standard of review is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-192 (Pa.Super.2013) (internal quotations and citations omitted).

We must first consider the timeliness of the petition. "It is undisputed that a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final." *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa.Super.2013); 42 Pa.C.S. § 9545(b)(1). "This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of a petition." *Hernandez*, 79 A.3d at 651 (*citing Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa.2000)). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). However, a facially untimely petition may be received where any of the PCRA's three limited exceptions to the time for filing the petition are met. *Hernandez*, 79 A.3d at 651 (footnote omitted). These exceptions include:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). As our Supreme Court has repeatedly stated, the petitioner maintains the burden of pleading and proving that one of these exceptions applies. *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa.2008), *cert. denied*, 555 U.S. 916 (2008); *see also Commonwealth v. Leggett*, 16 A.3d 1144, 1146 (Pa.Super.2011) ("The petitioner bears the burden to allege and prove [that] one of the timeliness exceptions applies."). Further,

[a] petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame under section 9545(b)(2).

*Hernandez*, 79 A.3d at 651-652 (internal quotations omitted).

Finally, a heightened standard applies to a second or subsequent PCRA petition to avoid "serial requests for post-conviction relief." *Commonwealth v. Jette*, 23 A.3d 1032, 1043 (Pa.2011). "A second or subsequent request for relief under the PCRA will not be entertained unless the petitioner presents a strong *prima facie* showing that a miscarriage of

justice may have occurred." ***Commonwealth v. Hawkins***, 953 A.2d 1248, 1251 (Pa.2006). Additionally, in a second or subsequent post-conviction proceeding, "all issues are waived except those which implicate a defendant's innocence or which raise the possibility that the proceedings resulting in conviction were so unfair that a miscarriage of justice which no civilized society can tolerate occurred". ***Commonwealth v. Williams***, 660 A.2d 614, 618 (Pa.Super.1995).

On December 9, 2009, our Supreme Court denied Appellant's direct appeal petition for allowance of appeal. Appellant did not file for a writ of *certiorari* to the Supreme Court of the United States, and his sentence became final at the expiration of his time to seek review ninety days later, on March 9, 2010. **See** 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. Rule 13. Accordingly, Appellant had until March 9, 2011 to timely file a PCRA petition.

Appellant filed the instant petition on March 6, 2014, nearly three years after the expiration of his PCRA time limitation. Accordingly, Appellant's petition is facially untimely. Thus, he must plead and prove that his petition falls under one of the Section 9545 exceptions set forth in the PCRA. **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

To overcome the PCRA's time bar, Appellant checked the newly-discovered evidence box on his petition and argued that his first PCRA counsel did not inform him of this Court's August 21, 2012 decision denying his first PCRA petition, thereby depriving him of the opportunity to challenge this Court's decision in the Pennsylvania Supreme Court. **See** Petition, pp.

2, 3. Appellant makes the same PCRA counsel ineffectiveness argument in his brief to this Court. *See* Appellant's Brief, pp. 5-7. Appellant's claim of PCRA counsel ineffectiveness, however, does not constitute one of the three enumerated PCRA timeliness exceptions. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii). This claim does not allege government interference or a new, retroactively-applied constitutional right, and does not represent a fact that Appellant could not have ascertained through the exercise of due diligence. *Id.* Further, Appellant does not meet the heightened standard for second or subsequent PCRA petitions, as his claim of PCRA counsel ineffectiveness does not implicate his actual innocence or raise the possibility that the proceedings *resulting in his conviction* were so unfair as to represent a miscarriage of justice. *See Williams*, *supra*. Accordingly, the petition remains time-barred.

Because Appellant filed the instant PCRA petition nearly three years after the expiration of the limitations period and cannot avail himself of any of the PCRA's time bar exceptions, the PCRA court did not err in denying this claim as untimely.

Order affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/27/2015</u>