J-S21019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JUAN SMITH | |
| Appellant | No. 1684 EDA 2014 |

Appeal from the PCRA Order April 30, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0600141-1995

BEFORE:  BOWES, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY JENKINS, J.:                    **FILED APRIL 08, 2015**

Appellant Juan Smith appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his fourth petition seeking relief pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

The trial court sets forth the relevant facts and procedural history of this appeal as follows:

> [Appellant] entered a guilty plea to first degree murder, robbery, and burglary before [the Honorable] Jane Cutler Greenspan on October 25, 1995.  On the same day, [Appellant] was sentenced by Judge Greenspan to serve a life sentence and to consecutive sentences of incarceration on the other offenses, which in the aggregate totaled

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

fifteen to thirty years. [Appellant] did not file a direct appeal.

[Appellant] filed his first [PCRA] petition on January 10, 1997. The petition was dismissed on August 21, 1997, after counsel filed a ***Finley/Turner***[1] no-merit letter. [Appellant's] appeal to the Superior Court was withdrawn on December 17, 1997.

> [1] ***Commonwealth v. Turner***, 54 A.2d 927 (Pa.1983); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super.1988).

[Appellant] filed his second [PCRA] petition on April 19, 2004. After counsel was appointed, the petition was dismissed on March 16, 2005. The Superior Court affirmed the dismissal on March 28, 2006, and the Pennsylvania Supreme Court denied *allocatur* on August 29, 2006.

[Appellant] filed his third petition on December 26, 2006. It was dismissed on June 16, 2008. The Superior Court affirmed the dismissal on August 11, 2009, and the Supreme Court denied *allocatur* on February 12, 2010.

[Appellant] filed [his fourth PCRA] petition that is the subject of the instant appeal on May 18, 2012. After conducting an extensive and exhaustive review of the record and applicable case law, this court determined that it did not have jurisdiction to consider [Appellant's] PCRA petition because [Appellant's] petition for [PCRA] relief was untimely filed.

PCRA Court Opinion, filed September 3, 2014, pp. 1-2.

On January 28, 2014, the PCRA court issued a Rule 907 notice, to which Appellant responded on February 19, 2014. On April 30, 2014, the PCRA court dismissed Appellant's petition for relief. On May 19, 2014, Appellant timely filed a notice of appeal. The court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and he did not file one.

Appellant raises the following issue for our review:

> WHETHER THE PCRA COURT ERRED DISMISSING APPELLANT'S POST-CONVICTION RELIEF PETITION AS UNTIMELY IN LIGHT OF THE EXCEPTION THAT WAS INVOKED PURSUANT TO 42 PA.C.S. 9545(B)(1)(III)[?]

Appellant's Brief at 4.

In his sole issue on appeal, Appellant argues he has invoked the constitutional right exception to the PCRA time bar. Specifically, he contends that the United States Supreme Court decision in **Martinez v. Ryan**, ___ U.S. ___, 132 S.Ct. 1309 (2012), recognized the constitutional right of the effective assistance of counsel in a collateral proceeding. Appellant claims his PCRA counsel was ineffective by failing to properly raise trial counsel's ineffectiveness. Further, Appellant suggests **Martinez** should apply retroactively because of this Court's decision in **Commonwealth v. Lofton**, 57 A.3d 1270 (Pa.Super.2012). Appellant is incorrect.

The timeliness of a PCRA petition implicates the jurisdiction of both this Court and the PCRA court. **Commonwealth v. Williams**, 35 A.3d 44, 52 (Pa.Super.2011), *appeal denied*, 50 A.3d 121 (Pa.2012). "Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition." **Id.** To "accord finality to the collateral review process[,]" the PCRA "confers no authority upon [appellate courts] to fashion *ad hoc* equitable exceptions to the PCRA timebar[.]" **Commonwealth v. Watts**,

23 A.3d 980, 983 (Pa.2011). With respect to jurisdiction under the PCRA, this Court has further explained:

> The most recent amendments to the PCRA...provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. A judgment is deemed final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

*Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super.2010) (citations and quotations omitted), *appeal denied*, 20 A.3d 1210 (Pa.2011); *see also* 42 Pa.C.S. § 9545. This Court may review a PCRA petition filed more than one year after the judgment of sentence becomes final only if the claim falls within one of the following three statutory exceptions, which the petitioner must plead and prove:

> (i) the failure to raise the claim was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Further, if a petition pleads one of these exceptions, the petition will not be considered unless it is "filed within 60

days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Additionally, a heightened standard applies to a second or subsequent PCRA petition to avoid "serial requests for post-conviction relief." *Commonwealth v. Jette*, 23 A.3d 1032, 1043 (Pa.2011). A second or subsequent PCRA petition "will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred." *Commonwealth v. Hawkins*, 953 A.2d 1248, 1251 (Pa.2006). Further, in a second or subsequent post-conviction proceeding, "all issues are waived except those which implicate a defendant's innocence or which raise the possibility that the proceedings resulting in conviction were so unfair that a miscarriage of justice which no civilized society can tolerate occurred." *Commonwealth v. Williams*, 660 A.2d 614, 618 (Pa.Super.1995).

Here, Appellant's judgment of sentence became final on or about November 27, 1995, when the time period for filing a direct appeal to this Court expired. *See* 42 Pa.C.S. § 9545(b)(3). As the instant PCRA petition was not filed until May 18, 2012, it is patently untimely unless Appellant has pleaded and proved one of the statutory exceptions to the PCRA time bar.

Appellant purports to invoke the 42 Pa.C.S. § 9545(b)(1)(iii) constitutional right exception. To qualify for this exception, a petitioner must plead and prove that he is entitled to the benefit of a new

constitutional right recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the provided time period, and that the right has been held by that court to apply retroactively. In **Martinez**, the Supreme Court of the United States held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

**Martinez, supra. at** 1320. The Court explained:

> The holding here ought not to put a significant strain on state resources. When faced with the question whether there is cause for an apparent default, a State may answer that the ineffective-assistance-of-trial-counsel claim is insubstantial, *i.e.,* it does not have any merit or that it is wholly without factual support, or that the attorney in the initial-review collateral proceeding did not perform below constitutional standards.
>
> This is but one of the differences between a constitutional ruling and the equitable ruling of this case. A constitutional ruling would provide defendants a freestanding constitutional claim to raise; it would require the appointment of counsel in initial-review collateral proceedings; it would impose the same system of appointing counsel in every State; and it would require a reversal in all state collateral cases on direct review from state courts if the States' system of appointing counsel did not conform to the constitutional rule. An equitable ruling, by contrast, permits States a variety of systems for appointing counsel in initial-review collateral proceedings. And it permits a State to elect between appointing counsel in initial-review collateral proceedings or not asserting a procedural default and raising a defense on the merits in federal habeas proceedings. In addition, state collateral

cases on direct review from state courts are unaffected by the ruling in this case.

*Id.* at 1319-20.

Appellant incorrectly relies on this Court's decision in **Lofton** for the proposition that **Martinez** has been held to apply retroactively. The **Lofton** Court stated:

> The legislature failed to contemplate that it is longstanding precedent that persons are generally entitled to the retroactive applicability of decisions when they are pursuing an identical issue on direct appeal. **Commonwealth v. Cabeza**, 469 A.2d 146, 148 ([Pa.]1983) ("we hold that where an appellate decision overrules prior law and announces a new principle, unless the decision specifically declares the ruling to be prospective only, the new rule is to be applied retroactively to cases where the issue in question is properly preserved at all stages of adjudication up to and including any direct appeal."); **Commonwealth v. McCormick**, 519 A.2d 442 ([Pa.Super.]1986) (discussing various retroactivity approaches utilized in Pennsylvania); **cf. Griffith v. Kentucky**, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987) (holding new federal constitutional rules apply retroactively to cases on direct appeal).

**Lofton, supra.** at 1276.

Unfortunately for Appellant, **Lofton** does not hold that all constitutional decisions apply retroactively to collateral proceedings, but speaks specifically to direct appeals. As Appellant is seeking collateral relief, this Court's decision in **Lofton** does not affect him.[2]

_____

[2] Further, **Lofton** was decided by this Court, not the Supreme Court of Pennsylvania or the Supreme Court of the United States.

Because neither the United States Supreme Court nor the Pennsylvania Supreme Court has held that **Martinez** applies retroactively, we need not determine whether **Martinez** governs the present appeal. Appellant has failed to plead and prove the constitutional exception to the PCRA time bar. Thus, Appellant's petition remains time-barred, and the PCRA court properly denied it. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/8/2015