J-S09039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NOEL PEREZ-TORRES | |
| Appellant | No. 908 MDA 2015 |

Appeal from the PCRA Order May 5, 2015
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0000316-2011,
CP-06-CR-0000317-2011,
CP-06-CR-0000319-2011

BEFORE:  PANELLA, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:              **FILED FEBRUARY 09, 2016**

Appellant Noel Perez-Torres appeals from the order entered in the Berks County Court of Common Pleas, which dismissed his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

On March 21, 2011, Appellant pled guilty to three counts of possession with intent to deliver ("PWID")[2] marijuana on three separate docket numbers.[3]  The Commonwealth sought the mandatory minimum sentence

---

[1] 42 Pa.C.S. § 9541-9546.

[2] 35 Pa.C.S. § 780-113(a)(30).

[3] Appellant pled guilty to one count of PWID at CP-06-CR-0000316-2011, one count of PWID at CP-06-CR-0000317-2011, and one count of PWID at CP-06-CR-0000319-2011.

pursuant to 18 Pa.C.S. § 6317,[4] and the trial court imposed concurrent sentences of three (3) to eight (8) years' incarceration on each count. Appellant did not file a direct appeal.

On February 16, 2012, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel, who filed a petition to withdraw along with a no-merit letter pursuant to **Turner**[5] and **Finley**.[6] On June 12, 2012, the PCRA court dismissed Appellant's first petition and granted counsel's petition to withdraw. Appellant timely filed a *pro se* notice of appeal, but he did not comply with the PCRA court order directing him to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and his appeal was ultimately dismissed for failure to comply with Pa.R.A.P. 3517.

On February 12, 2015, Appellant filed his second PCRA petition, which is the subject of the present appeal. On March 24, 2015, the PCRA court issued a notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss Appellant's petition without a hearing. On April 9, 2015, Appellant filed an

---

[4] Under this statute, a defendant must be sentenced to a minimum sentence of at least two years of total confinement "if the [PWID] occurred within 1,000 feet of the real property on which is located a public, private or parochial school or a college or university or within 250 feet of the real property on which is located a recreation center or playground or on a school bus…" 18 Pa.C.S.§ 6317.

[5] **Commonwealth v. Turner**, 544 A.2d 927 (Pa.1988).

[6] **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super.1988) (*en banc*).

objection to the Pa.R.Crim.P. 907 notice. On May 5, 2015, the PCRA court dismissed Appellant's petition without a hearing.[7] On May 28, 2015, Appellant filed a timely notice of appeal. On June 1, 2015, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and he timely complied on June 17, 2015. Appellant raises the following issue for our review:

> DID THE PCRA COURT ABUSE ITS DISCRETION AND ERR IN FINDING THAT THE SECOND PCRA PETITION WAS NOT TIMELY FILED UNDER THE 60 DAY RULE; AND IN FINDING THAT PETITIONER'S GUILTY PLEA & SENTENCE WAS ILLEGAL AND UNCONSTITUTIONALLY OBTAINED, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTIONAL AND THE PROVISIONS OF THE PENNSYLVANIA CONSTITUTIONAL?

Appellant's brief at 5 (verbatim).

Before we address the merits of Appellant's claims, we must determine whether his PRCA petition was timely. The timeliness of a PCRA petition implicates the jurisdiction of both this Court and the PCRA court. *Commonwealth v. Williams*, 35 A.3d 44, 52 (Pa.Super.2011), *appeal denied*, 50 A.3d 121 (Pa.2012). "Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition." *Id.* To "accord finality to the collateral review process[,]" the PCRA "confers no authority upon [appellate courts] to fashion *ad hoc* equitable exceptions to the PCRA

---

[7] This order was dated May 5, 2015 and filed May 6, 2015.

timebar[.]" ***Commonwealth v. Watts***, 23 A.3d 980, 983 (Pa.2011).  With

respect to jurisdiction under the PCRA, this Court has further explained:

> The most recent amendments to the PCRA...provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final.  A judgment is deemed final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa.Super.2010)

(citations and quotations omitted), *appeal denied*, 20 A.3d 1210 (Pa.2011);

***see also*** 42 Pa.C.S. § 9545.  This Court may review a PCRA petition filed

more than one year after the judgment of sentence becomes final only if the

claim falls within one of the following three statutory exceptions, which the

petitioner must plead and prove:

> (i) the failure to raise the claim was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).  Further, if a petition pleads one of these

exceptions, the petition will not be considered unless it is "filed within 60

days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Additionally, a heightened standard applies to a second or subsequent PCRA petition to avoid "serial requests for post-conviction relief." *Commonwealth v. Jette*, 23 A.3d 1032, 1043 (Pa.2011). A second or subsequent PCRA petition "will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred." *Commonwealth v. Hawkins*, 953 A.2d 1248, 1251 (Pa.2006). Further, in a second or subsequent post-conviction proceeding, "all issues are waived except those which implicate a defendant's innocence or which raise the possibility that the proceedings resulting in conviction were so unfair that a miscarriage of justice which no civilized society can tolerate occurred." *Commonwealth v. Williams*, 660 A.2d 614, 618 (Pa.Super.1995).

Here, Appellant's judgment of sentence became final on April 21, 2011, when his time to appeal to this Court expired. *See Monaco, supra.* Accordingly, he had until April 21, 2012 to file a timely PCRA petition. 42 Pa.C.S. § 9545(b)(1). Appellant filed the instant *pro se* PCRA petition on February 12, 2015. Thus, his PCRA petition is facially untimely, and we must determine whether Appellant has pled and proved any of the exceptions to the PCRA time limitation. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Appellant attempts to invoke the new constitutional right exception to the PCRA time bar by arguing that *Alleyne v. United States*,___ U.S. ___, 133 S.Ct. 2151, 2158, 186 L.Ed.2d 314 (2013) applies retroactively to his case. In *Alleyne*, the Supreme Court of the United States held that "[f]acts that increase the mandatory minimum sentence… must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 133 S.Ct. at 2158.

Appellant was sentenced to the mandatory minimum under 18 Pa.C.S.§ 6317, which was held unconstitutional pursuant to *Alleyne* in *Commonwealth v. Hopkins*, 117 A.3d 247, 263 (Pa.2015). However, to invoke the constitutional right exception to the PCRA time limitation, the petitioner must show that the constitutional right established applies retroactively. 42 Pa.C.S. § 9545(b)(1)(iii). "This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases." *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa.Super.2014), *reargument denied,* (Pa.Super. Dec. 5, 2014).

In *Miller*, this Court observed that "neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final." 102 A.3d at 995. Because neither the Supreme Court of Pennsylvania nor the Supreme Court of the United States have held that *Alleyne* applies to

cases on collateral review, Appellant cannot satisfy the new-constitutional-right exception to the PCRA time-bar. **See** 42 Pa.C.S. § 9545(b)(1)(iii); **Miller**, 102 A.3d at 995.[8]

Because none of the PCRA time limitation exceptions apply, Appellant's petition remains time-barred, and the PCRA court properly denied it. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/9/2016

_____

[8] Because Appellant has failed to invoke an exception to the PCRA time limitation, we need not determine whether there is merit to Appellant's claim that he filed his petition within 60 days of learning that this constitutional right had been established.