J-S36045-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :---: |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK ALAN WEAVER | : | |
| | : | |
| Appellant | : | No. 2077 MDA 2018 |

Appeal from the PCRA Order Entered September 20, 2018
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0000075-2009

BEFORE: PANELLA, P.J., SHOGAN, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:      **FILED: JULY 23, 2019**

Mark Alan Weaver (Weaver) appeals from the order denying his *pro se* petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, in the Court of Common Pleas of Lebanon County (PCRA court). We affirm.

## I.

The following facts and procedural background are gleaned from our independent review of the certified record and our appellate decisions affirming the denial of Weaver's previous PCRA claims.

In 2009, Weaver was found guilty after a jury trial of numerous sex-related offenses. The trial court sentenced him in 2010 to an aggregate prison term of nine to 40 years. He was also ordered to comply with the registration requirements enumerated in 42 Pa.C.S. §§ 9595.1, 9597.2, and 9795.3

---

\*   Retired Senior Judge assigned to the Superior Court.

(Megan's Law III). Weaver appealed and this Court affirmed the judgment of sentence in 2011. *See Commonwealth v. Weaver*, 29 A.2d 829 (Pa. Super. 2011) (unpublished memorandum).

Weaver timely filed his first PCRA petition in 2012, and the PCRA court denied it after holding a hearing. Weaver appealed and this Court affirmed in 2013. *See generally Commonwealth v. Weaver*, 2013 WL 11262355, No. 1364 MDA 2012) (Pa. Super. June 19, 2013) (unpublished memorandum).

Weaver filed a second PCRA petition in 2013 and did not appeal after the PCRA court denied it as untimely. He filed a third PCRA petition in 2016 and this Court affirmed its denial on untimeliness grounds. *See Commonwealth v. Weaver*, 2017 WL 2791141, 810 MDA 2016 (Pa. Super. June 27, 2017) (unpublished memorandum).

Weaver filed a *pro se* PCRA petition on January 11, 2018 – his fourth – and it, too, was dismissed as untimely by the PCRA court on September 21, 2018. Weaver appealed,[1] and in his brief, he asserts several issues for our consideration which we rephrase below as follows:

---

[1] The notice of appeal was not filed until December 3, 2018, which is more than 30 days after the date the order was entered. *See* Pa.R.A.P. 903(a) (affording 30 days from the date of a final order to file a notice of appeal). Although an untimely notice typically precludes appellate review, the docket in this case shows that a prison lock-down delayed Weaver's receipt of the order until November 5, 2018, which is within 30 days of the filing date. Under these extraordinary circumstances, which were completely out of Weaver's control, we deem the appeal to be timely filed. *See Commonwealth v. Braykovich*, 664 A.2d 133, 136 (Pa. Super. 1995) (filing period for notice of

A. Whether the trial court sentenced Weaver on two separate counts for the same offense in violation of the prohibition against double jeopardy.

B. Whether Weaver received an excessively harsh aggregate sentence of nine to 40 years, which the counts imposed consecutively.

C. Whether the trial court imposed sexual offender registration requirements which have been found unconstitutional in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017).

*See* Appellant's Brief, at p. 3.[2]

The Commonwealth contends Weaver's PCRA petition is untimely and that he has not asserted, much less proven, an exception to the PCRA's time-bar provisions. *See* Appellee's Brief, at pp. 9-13. We agree with the Commonwealth that the untimeliness of all of Weaver's claims precludes the PCRA court and this Court from considering their merits.[3]

**II.**

A PCRA petition is only timely if filed within one year from the date on which the petitioner's judgment of sentence became final. *See* 42 Pa.C.S. §

---

appeal is permitted in extraordinary circumstances, including a "breakdown in court operations"); *see also Long v. Atl. City Police Dep't*, 670 F.3d 436, 440 (3d Cir. 2012) (recognizing that delay by prison authorities in delivering mail to a prisoner may toll the time for filing the notice of appeal in a criminal case).

[2] Weaver and the PCRA court both complied with Pa.R.A.P. 1925.

[3] "Our standard of review in PCRA appeals is limited to determining whether the findings of the PCRA court are supported by the record and free from legal error." *Commonwealth. v. Spotz,* 84 A.3d 294, 319 (Pa. 2014) (quoting *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009)).

9545(b)(1). A PCRA court only has jurisdiction to entertain timely claims or claims which satisfy an exception to the PCRA's time-bar. *See id.* at § 9545(b)(1)(i-iii); *Commonwealth v. Abu-Jamal*, 833 A.2d 719, 724 (Pa. 2003).

A petitioner may establish an exception to the PCRA time-bar by pleading and proving that: the delay was caused by the government's constitutional violation; the facts on which the claims are based were unknown and could not have been discovered through the petitioner's exercise of due diligence; or the claims are based on a new constitutional right that applies retroactively. *See* 42 Pa.C.S. § 9545(b)(1)(i-iii). These exceptions must be invoked in a petition that is "filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[4]

Courts seek to avoid "serial requests for post-conviction relief" by applying a heightened timeliness standard to second or subsequent PCRA petitions. *Commonwealth v. Jette*, 23 A.3d 1032, 1043 (Pa. 2011). "A second or subsequent request for relief under the PCRA will not be entertained unless the petitioner presents a strong prima facie showing that a miscarriage

---

[4] On October 24, 2018, the General Assembly amended subsection 9545(b)(2) to enlarge the time in which a petitioner may invoke a PCRA time-bar exception – going from 60 days to one year from the date the claim arises. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018]. However, the amendment only applies to claims arising on December 24, 2017, or thereafter. *Id.* at § 3. In this case, all of Weaver's claims arose prior to the operative date of the amendment, so the 60-day period applies.

of justice may have occurred." ***Commonwealth v. Hawkins***, 953 A.2d 1248, 1251 (Pa. 2006); ***Commonwealth v. Williams***, 660 A.2d 614, 618 (Pa. Super. 1995).

In this case, Weaver's petition is untimely, as he filed it several years after his judgment of sentence became final in 2012. In order for this Court to reach the merits of his claims, Weaver had to plead and prove one of the above exceptions to the PCRA's time bar, but he did not do so.

We note further that Weaver's claims regarding the excessive nature of his sentence and double jeopardy are not based on new evidence or law and nothing in the record suggests that the court or the Commonwealth caused Weaver's delay in asserting those claims. Weaver had to raise those issues on direct appeal or in his previous PCRA petitions. Those issues are now untimely and waived.

To the extent that Weaver suggests that he is entitled to relief under a new constitutional right afforded by our Supreme Court's holding in ***Muniz***, his claim would still be properly denied as untimely.[5] On December 20, 2012, the sex offender registration statutes, 42 Pa.C.S. §§ 9795.1-9799.4 (Megan's Law III) were replaced by the Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.41.

---

[5] ***Muniz*** was decided on July 19, 2017, and the subject PCRA petition was filed over 60 days later, on January 11, 2018. This was untimely under the operative version of subsection 9545(b)(2) then in effect.

Our Supreme Court held in *Muniz* that applying the new SORNA requirements against offenders who had been sentenced prior to its enactment in 2012 would, in some circumstances, violate the prohibition on *ex post facto* laws. *See Muniz*, 164 A.3d at 1223. Subsequently, however, we explained in *Commonwealth v. Murphy*, 180 A.3d 402, 405-06 (Pa. Super. 2018), that a petitioner may *not* rely on *Muniz* in an untimely PCRA claim because our Supreme Court has not yet held that the opinion applies retroactively:

> Appellant's reliance on *Muniz* cannot satisfy the 'new retroactive right' exception of section 9545(b)(1)(iii). In *Commonwealth v. Abdul–Salaam*, 812 A.2d 497 (Pa. 2002), our Supreme Court held that,
>
>> [s]ubsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this court after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.
>
> *Id.* at 501.
>
> Here, we acknowledge that **this Court** has declared that, "*Muniz* created a substantive rule that retroactively applies in the collateral context." *Commonwealth v. Rivera–Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017). However, because Appellant's

PCRA petition is untimely (unlike the petition at issue in ***Rivera–Figueroa***), he must demonstrate that the **Pennsylvania Supreme Court** has held that ***Muniz*** applies retroactively in order to satisfy section 9545(b)(1)(iii). ***See Abdul–Salaam***. Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on ***Muniz*** to meet that timeliness exception.

***Murphy***, 180 A.3d at 405–06 (some internal citations excluded, emphases in original).

Accordingly, Weaver cannot satisfy any exception to the PCRA's time-bar and the PCRA court did not err in dismissing his petition.

Order affirmed.

President Judge Panella joins the memorandum.

Judge Shogan concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/23/2019